UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO ANTONIO PATINO MANCIA,

               Plaintiff,

-against-

COUNTY OF WESTCHESTER;
WESTCHESTER COUNTY JAIL; JUDGE
SUSAN CACACE,

               Defendants.

22-CV-6628 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, purports to brings this action under the Court's federal question and diversity of citizenship jurisdiction. By order dated August 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Mauricio Antonio Patino Mancia brings this action against the County of Westchester, the Westchester County Jail, and Judge Susan Cacace, alleging that these Defendants violated his rights on "August 10, 2009." (ECF No. 2 at 5.) Plaintiff alleges that the Westchester County Jail,[1]

> Acting under the government of Westchester denied Mr. Patino to communicate with his family and friends; kidnapping, restrain, adduction, intent to commit murder and clinic death of Mr. Patino at the hands of the Officers working for this institution on/or/around/between October 10/31, 2009 whom bravery, intentionaly, conscientiously, capriciously, deliberately, intentionally, poisoned his breakfas with the intention of assault Mr. Patino phisically, sexually,

---

[1] The Court quotes from the complaint verbatim, and all grammar, spelling and punctuation are as in the original.

> psychologically, torturing hin phisicially and psychologically. caiusiong brain damages, physical injuries, serious identity losses.

(*Id*.)

Plaintiff further alleges that Judge Susan Cacace,

> acting under "color of State law" and "Racial Hostility", abuse her power and her authority by making the undersigned to plead twice, violating the Fifth Amendment. (Double Jeopardy Clause). . . . Commit Fraud; abuse of Due Process, don't let him fire the appointed lawyer, striping of pride and decency, reducing him to less than animal for reason of hate, discrimination, retaliation, without a reason or just to have fun (sadistically). Defamation of character, conspiracy to defraud and interference with the exhaustion of remedies of Mr. Mauricio Antonio Patino Mancia.

(*Id.* at 6.)

Plaintiff seeks "the payment of two hundred and seventh [sic] millions of dollars for all those damages and losses acquired by Plaintiff during this 11 years of false imprisonment."

A review of this court's records reveals that, on January 24, 2020, Plaintiff filed an action in this court against the State of New York, the New York Department of Justice Westchester Division, Susan Cacace, and "Westchester County Jail – Security Officer." *See Mancia v. State of New York*, ECF 1:20-CV-0719, 12 (S.D.N.Y. June 1, 2020). In that action, by order dated March 6, 2020, the Honorable Colleen McMahon, in her capacity as Chief Judge, dismissed Plaintiff's claims against the State of New York as barred by the Eleventh Amendment, and directed Plaintiff to amend his complaint to name any individual defendants involved in the alleged deprivation of his rights, and to provide facts about what occurred. *Mancia*, ECF 1:20-CV-0719, 7 (S.D.N.Y. Mar. 6, 2020). Plaintiff filed an amended complaint on May 7, 2020, alleging that,

> In 2009, United States Marshals arrested him in California; he was extradited to New York; he was tortured at the Westchester County Jail; Westchester County Court Judge Cacace presided over unfair criminal proceedings; and his mail at Marcy Correctional Facility, where he is now incarcerated, is being controlled and

> limited. Plaintiff asserts claims of false arrest, illegal detention, kidnaping, illegal extradition, abuse of process, and fraud.

*Id.* at 9.

By order dated June 1, 2020, the Honorable Louis L. Stanton, to whom the case had been reassigned, dismissed the action for failure to state a claim on which relief may be granted, and on immunity grounds. *Id.* at 12.

## DISCUSSION

Any claims Plaintiff may be seeking to raise in this complaint are barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts

essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), a court may, on its own initiative, raise the issue, *see, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff's prior action against Defendants, which was adjudicated on the merits, was based on the same events that Plaintiff describes in this complaint. Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of the previous action in this court, his claims either were brought or could have been brought in that prior proceeding and are therefore barred by the doctrine of claim preclusion.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the doctrine of claim preclusion.

Plaintiff's request for permission to participate in electronic case filing (ECF No. 7) and his motion for entry of default judgment (ECF No. 9) are denied as moot. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   December 5, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                             Chief United States District Judge